IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                    PETITIONER

VERSUS                                      CIVIL ACTION NO. 5:08-cv-153-DCB-MTP

BRUCE PEARSON, et al.                                          RESPONDENT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  On February

26, 2008, Petitioner, an inmate incarcerated at the Federal Correctional Complex -Yazoo, Yazoo

City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  After

consideration of the petition [1] and responses [3, 7, 8 & 10] filed by the Petitioner, the Court has

reached the following conclusions.

I.  Background

The Petitioner states that he was convicted in the United States District Court Western

District of Pennsylvania.  According to the Bureau of Prisons (BOP) website, the Petitioner's

scheduled release date is May 23, 2013.

In his initial petition [1], Petitioner is challenging the Bureau of Prisons failure to correctly

comply with 28 C.F.R. §§ 524.10, 524.11 and 551.07 and Program Statement (PS) 5322.12 when

considering Petitioner's classification and request to be transferred for housing at a camp,

minimum custody  facility, halfway house or Community Correction Center.  The Petitioner

asserts that his due process rights were violated when the Unit Manager and the Education

Advisor did not attend a team meeting, Petitioner's medical file was not updated, a verbal

summary of Petitioner's current offense was not provided, a verbal summary of Petitioner's work

performance, participation in individual or group counseling, general adjustment, or his

sanitation were not provided, Petitioner was not provided a copy of his program review report

and the team relied on inaccurate information. As a result of his classification review, the

Petitioner was denied his request to be housed at a camp or minimum custody facility.

As indicated in his responses [7, 8 & 10], Petitioner additionally challenges BOP's and the

Warden's failure to consider him for placement in a halfway house.[1] Specifically, this Court

finds that Petitioner is challenging the BOP's interpretation of 28 C.F.R §§ 570.20 and 570.21

(2005 regulations). Petitioner complains that he is being refused consideration for immediate

placement in a halfway house even though the BOP has the authority to transfer inmates to a

halfway house at any time.

## II.  Analysis

### A.  Conditions of confinement

Federal prisoners may attack the manner in which his sentence is being executed in the

district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  United States v.

Cleto, 956 F.2d 83, 84 (5th Cir.1992).  However, "habeas is not available to review questions

unrelated to the cause of detention."  Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976).

The United States Court of Appeals for the Fifth Circuit in Pierre went on to say that the "sole

function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it

cannot be used properly for any other purpose."  Id. at 935-36.

Having liberally construed the instant petition [1], this Court finds that the portion of the

petition [1] challenging his classification and being denied housing at a camp or a minimum

---

[1]This Court finds that the Petitioner has filed two additional petitions for habeas relief challenging the Bureau of Prisons' interpretation of 28 C.F.R §§ 570.20 and 570.21 (2005 regulations).  The other civil actions are civil action numbers 5:07cv38-DCB-MTP and 5:07cv220-DCB-MTP.

security facility as well as his subsequent allegations relating to the prison officials' attempt to curtail his access to the court by failing to properly process his mail do not challenge the Bureau of Prisons execution or calculation of his federal sentence. Clearly, those allegations are challenging the conditions of his confinement at FCI-Yazoo. Because those issues have nothing to do with a claim of early release from his incarceration with the Bureau of Prisons, those complaints are not the proper subject of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therefore, the request for habeas corpus relief based on his claims concerning his classification, housing assignment which includes a transfer to a camp and access to the courts will be dismissed without prejudice so that the Petitioner may pursue those claims in the proper manner.

## B.  28 C.F.R. §§ 570.20 & 570.21

However, his claims challenging the Bureau of Prisons' regulations, 28 C.F.R §§ 570.20 and 570.21 (2005 regulations), governing the release of a prisoner to Community Corrections Center or a halfway house are properly before this Court pursuant to 28 U.S.C. § 2241. It appears from the Petitioner's allegations that he is asserting that the BOP interprets these regulations to categorically deny him a transfer to a halfway house even though the BOP could place him in a halfway house at any time. As relief, Petitioner is requesting that the BOP immediately release him to a Community Corrections Center.

Since the filing of this petition on February 26, 2008, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008), which amends 18 U.S.C. § 3624(c) to increase placement in a Community Corrections Center or Residential Re-entry Center to twelve months, and requires the BOP to make placement decisions on an

individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). On October 27, 2008, this Court entered an order [5], directing the Petitioner to file a written response stating why his petition for habeas relief should not be dismissed as moot in light of the above legislation. In Petitioner's responses [7, 8 & 10], he argues that his petition is not moot and should not be dismissed because the BOP will not consider him for a release to a Community Corrections Center notwithstanding his release date being in 2013. For the following reasons this Court is not persuaded by the Petitioner's argument.

Whether a case is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). This Court is obliged to raise the subject of mootness *sua sponte*. *Id*. As stated above, subsequent to Petitioner's request for habeas relief, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008); therefore, the challenged regulation has been superseded by a new regulation and "the issue of the validity of the old regulation is moot, for this case has 'lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'" *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) *(per curiam)*(*quoting Hall v. Beals*, 396 U.S. 45, 48 (1969) *(per curiam)*). *See also Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir.1988)(dispute resolved because of changed circumstances considered moot).

Liberally construing the Petitioner's allegations and arguments, this Court finds that he is challenging 28 C.F.R §§ 570.20 and 570.21 (2005 regulations), which "have been 'effectively erased' by the Second Chance Act." *John v. Berkebile*, 2008 WL 2531430, *2 (N.D. Tex. 2008) (*citing Coal. of Airline Pilots Assocs. v. FAA*, 370 F.3d 1184, 1185-91 (D.C. Cir. 2004)

(dismissing as moot a case challenging certain FAA regulations where the regulations were "effectively erased" following the enactment of new federal law)).  According to the facts presented by the Petitioner, he does not indicate that the BOP is still following 28 C.F.R. §§ 570.20 and 570.21 (2005 regulations) which, as mentioned above, have been "effectively erased;" therefore, this petition is rendered moot.  Even if the Petitioner were to argue that there is a "reasonable expectation" that the Respondents will continue in the same manner as was done prior to the Second Chance Act, the Court of Appeals for the Fifth Circuit has held that "the mere possibility of future consequences is too speculative to give rise to a case or controversy." *Bailey* at 279.  (*citing Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d. 849, 850 (11th Cir. 1984)).  Because this Court can no longer grant the remedy requested by the Petitioner, the dismissal of the instant petition is warranted.

### III.  Conclusion

A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

This the 7th day of    July   , 2009.


 s/David Bramlette
        UNITED STATES DISTRICT JUDGE